# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MARROT CACERES,<br><br>　　　　　　　　　Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Respondent. | CASE NO. 20CR0245-LAB<br><br>**ORDER DENYING MOTION TO SET ASIDE SENTENCE PURSUANT TO 28 U.S.C. § 2255** [Dkt. 56] |

Luis Marrot Caceres moves to vacate or set aside his sentence under 28 U.S.C § 2255. (Dkt. 56). The United States opposes Caceres's motion. (Dkt. 59). Having carefully considered the pleadings, the Court **DENIES** the motion.

## I. BACKGROUND

In 2019, Caceres was arrested and charged with importing methamphetamine and heroin into the United States in violation 28 U.S.C. §§ 952 and 960. (Dkt. 56 at 3). On February 20, 2020, he pled guilty to both charges. (*Id.*). The Court entered judgment and sentenced Caceres to a 120-month term followed by five years of supervised release. (Dkt. 42).

## II. QUESTION PRESENTED

Caceres contends he received ineffective assistance of counsel during sentencing. (Dkt. 56 at 9–15). He requests an evidentiary hearing to

supplement the record. (*Id.* at 15).

## A. Evidentiary Hearing

When a § 2255 motion is "based on alleged occurrences outside the record," a court can hold an evidentiary hearing. *Shah v. United States*, 878 F.2d 1156, 1158 (9th Cir. 1989) (collecting cases). *See also United States v. Espinoza*, 866 F.2d 1067, 1069 (9th Cir.1989) (when a § 2255 motion requires a credibility determination only, no hearing is required). But the court need not conduct an evidentiary hearing on an ineffective assistance of counsel claim in the absence of an adequate showing of prejudice. *See United States v. Birtle*, 792 F.2d 846, 849 (9th Cir. 1986) (no evidentiary hearing required where all factual issues related to performance of counsel and prejudice prong not met).

## B. Ineffective Assistance of Counsel

Under 28 U.S.C. § 2255, a federal prisoner may move to vacate, set aside, or correct a sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a); *United States v. Speelman*, 431 F.3d 1226, 1230 n.2 (9th Cir. 2005). The burden is on the prisoner to prove one or more of the four bases for relief.

Here, Caceres must show that his counsel's performance was deficient, and the deficient performance prejudiced him. *See Strickland v. Washington*, 466 U.S. 668, 688–93 (1984). Under the performance prong of *Strickland*, the focus is on whether counsel's actions were within the range of competence demanded of attorneys in criminal cases. *Turner v. Calderon*, 281 F.3d 851, 881 (9th Cir. 2002) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). There is a "strong presumption that counsel's conduct falls within the

wide range of professional assistance." *Strickland*, 466 U.S. at 689. Under *Strickland's* prejudice prong, a movant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

In addition, a movant must demonstrate both deficient performance *and* prejudice to establish ineffective assistance of counsel. *Id.* at 687; *United States v. Olson*, 925 F.2d 1170, 1173 (9th Cir.1991). "Because failure to meet either prong is fatal to [a defendant's] claim, there is no requirement that [courts] 'address both components of the inquiry if the defendant makes an insufficient showing on one.'" *Gonzalez v. Wong*, 667 F.3d 965, 987 (9th Cir. 2011) (quoting *Strickland*, 466 U.S. at 697). A court need not hold a hearing to determine the validity of an ineffective assistance of counsel claim if "the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994).

Caceres's ineffective assistance claim has to do with the Safety Valve provision of the Sentencing Guidelines. (Dkt. 56 at 9–15). He contends his counsel was ineffective because he didn't initiate Safety Valve discussions in a timely manner, (*id.* at 10–11); didn't promptly or effectively respond to the Government's concerns about the truthfulness of Caceres's proffer, (*id.* at 11–12); and failed to request a continuance to attempt to cure the perceived problems, (*id.* at 12–13). Caceres maintains his counsel's deficient performance prejudiced him. (*Id.* at 13–15). The Government counters that Caceres can't demonstrate ineffective assistance of counsel because the record establishes that his defense counsel made timely and reasonable decisions to facilitate the Safety Valve process and, regardless, counsel's alleged errors didn't prejudice Caceres because he didn't tell the truth during the debriefing. (Dkt. 59 at 10–20).

Concerning Caceres's claim that his lawyer was tardy in initiating Safety Valve discussions, the Court finds that counsel properly arranged for Caceres to participate in a debriefing before Caceres's scheduled sentencing date. The problem wasn't with the timing of the debriefing. Instead, according to the Government, the problem was Caceres didn't tell the truth during the debriefing. The record establishes that defense counsel met with Caceres before the debriefing and emphasized the importance of proving truthful and complete information. However, in contravention of his lawyer's counsel, Caceres lied about his involvement and otherwise provided untruthful and incomplete information. After hearing argument from both the prosecutor and Caceres's counsel at sentencing, the Court agreed with adopted the Government's evaluation of Caceres's statements and its recommendation not to grant Safety Valve relief. (Dkt. 59 at 18). No action taken or not taken by defense counsel informed the Court's decision to deny Safety Valve. Rather, the Court denied relief because it found that the prosecutor, credibly and acting in good faith, had good reason to disbelieve Caceres' account.

Caceres's related claim that his counsel was deficient in not requesting a further continuance of the sentencing hearing is also spurious. The Court had previously granted a continuance to facilitate the Safety Valve debriefing and stated it wouldn't allow a further postponement of Caceres's sentencing absent extraordinary good cause. Caceres's prevarications during his debriefing didn't create good cause for a "do-over" or provide justification for the Court to grant a second continuance of his sentencing hearing. No provision of the Guidelines, nor any case law of which the Court is aware, entitles a defendant who deliberately lies during a Safety Valve debriefing to a "second bite of the apple."

No evidentiary hearing is necessary here because Caceres hasn't offered "specific factual allegations which, if true, would entitle him to relief."

*Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982); *Ortiz v. Stewart*, 149 F.3d 923, 934 (9th Cir. 1998) (no abuse of discretion for district court to deny an evidentiary hearing if movant doesn't establish a colorable claim for relief for ineffective assistance). To the contrary, Caceres has failed to plausibly allege that his defense counsel's performance fell below an objective standard of reasonableness. Separately, Caceres has not established that he was prejudiced by any action of his counsel – the outcome he complains of was entirely of his own doing.

His motion is **DENIED**.

### III.   CERTIFICATE OF APPEALABILITY

A certificate of appealability is authorized "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a movant must show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Having thoroughly reviewed the matter, the Court finds that Caceres hasn't made – and cannot make – the required showing. A certificate of appealability is **DENIED**.

### IV.   CONCLUSION

Caceres's motion, to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DENIED.** His request for a certificate of appealability is likewise **DENIED**.

**IT IS SO ORDERED**.

Dated: May 26, 2023

*Larry A. Burns*

**HON. LARRY ALAN BURNS**
United States District Judge